IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,

    Plaintiff,                    No. CIV S-11-1880 MCE DAD P

    vs.

GOVERNOR OF THE STATE
OF CALIFORNIA et al.,              ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a parolee at-large proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

**SCREENING REQUIREMENT**

        The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915(e)(2)(B)(I)-(iii).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
14  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
16  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
17  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
3  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
4  omits to perform an act which he is legally required to do that causes the deprivation of which
5  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
6            Moreover, supervisory personnel are generally not liable under § 1983 for the
7  actions of their employees under a theory of respondeat superior and, therefore, when a named
8  defendant holds a supervisorial position, the causal link between him and the claimed
9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
10 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
11 allegations concerning the involvement of official personnel in civil rights violations are not
12 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

14           In the present case, plaintiff has identified the Governor of the State of California,
15 Matthew Cate, and various parole administrative officials as the defendants.  In his complaint,
16 plaintiff alleges that he was on parole when the defendants informed him that he would have to
17 complete a 52-week domestic violence class before they would release him from parole.  Plaintiff
18 contends that he attempted to challenge this special condition of parole through the
19 administrative appeals process, but the defendants failed to properly process his appeal.  Plaintiff
20 claims that he eventually completed the 52-week class and satisfied the special condition, but the
21 defendants still have not discharged him from parole.  In terms of relief, plaintiff requests
22 declaratory relief and monetary damages.  (Compl. at 1-30.)

### DISCUSSION

24           A civil rights action is the proper mechanism for a prisoner seeking to challenge
25 the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast,
26 habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact

1 or duration of his confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  Here, plaintiff
2 claims that the defendants improperly imposed on him a special condition of parole, and although
3 he has satisfied the condition, that the defendants have still not discharged him from parole.

4        Based on plaintiff's allegations, the court cannot allow him to proceed in this civil
5 rights action because he has not alleged that his current parole sentence has been overturned or
6 otherwise invalidated.  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) ("a state prisoner's §
7 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or
8 equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or
9 internal prison proceedings) - *if* success in that action would necessarily demonstrate the
10 invalidity of confinement or its duration."); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (a state
11 prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or
12 for any other harm caused by "actions whose unlawfulness would render the imprisonment
13 invalid," unless he can prove that the conviction or other basis for confinement has been reversed
14 on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
15 make such a determination, or called into question by a federal court's issuance of a writ of
16 habeas corpus); <u>Cordell v. Tilton</u>, 515 F. Supp. 2d 1114, 1122 & 1131-33 (S.D. Cal. 2007)
17 (§ 1983 claims alleging that parole supervisors imposed and enforced unconstitutional conditions
18 on parolee could only be properly brought in habeas action); <u>Fisher v. Fresno Police Dep't</u>, No.
19 1:11cv01580 LJO DLB, 2011 WL 4629225 at *3-4 (E.D. Cal. Oct. 3, 2011) (plaintiff's sole
20 federal remedy for challenging parole conditions as arbitrary and capricious is with a petition for
21 writ of habeas corpus); <u>Thornton v. Schwarzenegger</u>, Civil No. 10cv01583, 2011 WL 2173652 at
22 *8-14 (S.D. Cal. June 1, 2011) (§ 1983 challenge to parole conditions falls within the recognized
23 scope of federal habeas corpus relief).

24        Here, plaintiff's allegations necessarily implicate the validity of his parole status.
25 Accordingly, a writ of habeas corpus is the sole remedy by which plaintiff may attack the
26 conditions of his parole in federal court.  Moreover, plaintiff may pursue that remedy only after

4

he has exhausted all of his constitutional claims by fairly presenting them to the highest state court.

## OTHER MATTERS

Also pending before the court is plaintiff's motion for leave to use the court's electronic filing system, CM-ECF. See Local Rule 133(b). The court previously instructed plaintiff that before the court would rule on his motion, he had to file a declaration signed under penalty of perjury stating that he has investigated this court's electronic filing requirements, has all necessary hardware and software, and will comply with all requirements concerning electronic filing in this court. Plaintiff has since filed a declaration stating as much. Accordingly, the court will grant plaintiff's motion to file electronically and direct him to register to file electronically forthwith.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 10) is granted; and

2. Plaintiff's motion for leave to use the court's electronic filing system, CM-ECF, (Doc. No. 8) is granted.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

/////

/////

1 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

2 F.2d 1153 (9th Cir. 1991).

3 DATED: March 21, 2012.

*(signature)*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
give1880.56